UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LAMAR HARVEY,

                            Plaintiff,

        v.

KURT NEUSANTZ, DR. GREY, and O.M.H. RPC,

                            Defendants.
_____

DECISION AND ORDER

20-CV-6190L

        Plaintiff Lamar Harvey ("plaintiff"), proceeding pro se, brings this action against the Office of Mental Health ("OMH") and/or the Rochester Psychiatric Center ("RPC") which it oversees, RPC physician Dr. Gale Gray ("Dr. Gray"),[1] and RPC patient Kurt Neusantz ("Neusantz"). Plaintiff asserts that Neusantz touched him inappropriately, and that RPC and/or Dr. Gray failed to discipline Neusantz or to transfer plaintiff to a different facility. (Dkt. #1). Plaintiff requests monetary damages, and relocation to another mental health facility. *Id*.

        RPC and Dr. Gray have each moved to dismiss the claims against them for failure to state a claim under Fed. R. Civ. Proc. 12(b)(6) (Dkt. #7, #11). For the reasons that follow, those motions are granted, and the complaint is dismissed in its entirety.

---

[1] Dr. Gray is identified in the complaint as "Dr. Grey."

**FACTUAL BACKGROUND**

In his Complaint, plaintiff alleges that on or about November 6, 2019, while he was a patient at RPC, he was approached by Neusantz, another patient, who groped plaintiff's genitals. Plaintiff alleges that Neusantz was "never penalized" for this conduct, and that plaintiff felt violated as a result. (Dkt. #1). On June 4, 2020, plaintiff filed an "Amended Document" that expanded on his allegations, adding that after the incident, plaintiff complained to an unnamed Secure Hospital Treatment Aid ("Treatment Aid"), who did not immediately assist. Appended to the Amended Document are copies of Progress Notes confirming that a Treatment Aid named "B.J." witnessed Neusantz "touch [plaintiff] in the private area" on November 6, 2019. (Dkt. #6 at 3).

On July 1, 2020, plaintiff wrote a notarized letter to the Court (Dkt. #10) which further amplified his claims, alleging that: (1) Dr. Gray "had the ability to punish '[Neusantz] for his actions but [Dr. Gray] always tried to explain to [plaintiff] that [Neusantz] just do[es]n't function to the standard of his age;" (2) Dr. Gray failed to "console" plaintiff with respect to inappropriate touching by Neusantz, or verbal harassment by a Treatment Aid, "Kurt R.," who allegedly called plaintiff sexually-charged nicknames (Dkt. #6, #10); and (3) Dr. Gray failed to take steps to transfer plaintiff to another facility, or otherwise place him out of reach of his harassers.

In light of plaintiff's *pro se* status and the Court's preference for granting leave to amend pleadings, the Court will consider plaintiff's post-Complaint submissions as a request for leave to amend the initial Complaint. *See generally Buczek v. United States*, 2018 U.S. Dist. LEXIS 77471 at *3 (W.D.N.Y. 2018)("[c]ognizant of the distinct disadvantages that pro se litigants face, federal courts routinely read their submissions liberally and interpret them to raise the strongest arguments they suggest"). The Court thus grants plaintiff leave to amend the complaint by the addition of his

2

post-Complaint assertions of fact, and will consider all of his factual submissions together (Dkt. #1, #6, #10) as an Amended Complaint, for purposes of assessing whether plaintiff has stated a plausible claim.

## DISCUSSION

### I. Relevant Standards

To survive a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. In deciding a motion to dismiss, the Court must accept all factual allegations in the Amended Complaint as true, and draw all reasonable inferences in favor of the plaintiff. In so doing, the Court may also "consider any written instrument attached to the [Amended] Complaint as an exhibit or any statements or documents incorporated in it by reference." *City of Pontiac Policemen's & Firemen's Ret. Sys. v. UBS AG*, 752 F.3d 173, 179 (2d Cir. 2014) (quotations omitted).

### II. OMH and RPC's Motion To Dismiss

Although plaintiff alleges no specific federal claims in the documents that comprise his Amended Complaint (indeed, the initial Complaint describes the matter as a "personal injury" action, Dkt. #1 at 1), the Court construes the instant matter as an attempt to pursue one or more constitutional claims, pursuant to 42 U.S.C. §1983 ("Section 1983").

The defendants include OMH, an office of New York State's Department of Mental Hygiene (N.Y. CLS MENT HYG §5.01), and RPC, a facility under the jurisdiction of the

Commissioner of the Office of Mental Health. Both OMH and RPC are state entities which are legally inseparable from New York State: as such, they are immune from suit under the Eleventh Amendment. *See Cheung v. New York State Office of Mental Health*, 1989 U.S. Dist. LEXIS 14067 at *2-*3 (W.D.N.Y. 1989) (dismissing, on immunity grounds, claims against the New York Office of Mental Health and Gowanda Psychiatric Center).

Plaintiff's claims against OMH and/or RPC are accordingly dismissed, with prejudice.

### III. Dr. Gray's Motion To Dismiss

Plaintiff's only factual allegations concerning Dr. Gray (Dkt. #10) are that Dr. Gray was an RPC employee who had the authority to punish Neusantz for assaulting plaintiff, and/or to transfer plaintiff to another facility for his own protection, but did not do so.

Although plaintiff does not identify the legal basis for his claim against Dr. Gray, to the extent that his allegations suggest an Eighth Amendment "deliberate indifference" claim, those allegations are inadequate to state such a claim.

Stating a claim of deliberate indifference requires a plaintiff to plausibly allege conduct which reflects the "unnecessary and wanton infliction of pain," that is "repugnant to the conscience of mankind," in response to a serious physical or mental need, and with a state of mind that includes both awareness of facts that permit an inference that a substantial risk of harm exists, and the actual drawing of that inference. *Patterson v. Lilley*, 2003 U.S. Dist. LEXIS 11097 at *10-*11 (S.D.N.Y. 2003)(citations omitted). *See also Murray v. Middleton*, 2020 U.S. Dist. LEXIS 122279 at *17 (S.D.N.Y. 2020). In contrast, the mere negligence of a defendant official is insufficient to support a claim of a federal constitutional deprivation under Section 1983. *See Daniels v. Williams*, 474 U.S. 327, 335-36 (1986); *Walker v. Doe*, 2020 U.S. Dist. LEXIS 138885 at *3-*4 (S.D.N.Y. 2020).

4

Here, plaintiff does not allege that Dr. Gray's failure to comfort plaintiff, discipline Neusantz, or transfer plaintiff to another facility, exposed plaintiff to any substantial risk of harm, nor do the facts, construed in plaintiff's favor, suggest that a substantial risk of harm could have existed. Moreover, plaintiff does not allege that Dr. Gray was ever aware of facts that would permit such an inference. In short, the "facts alleged . . . suggest only negligence, which is a claim arising under state law and thus cannot be the basis for an action under [Section] 1983." *Walker*, 2020 U.S. Dist. LEXIS 1338885 at *4 (dismissing deliberate indifference claim as insufficiently stated, where plaintiff fails to plead facts that could give rise to an inference that any defendant acted with a "sufficiently culpable state of mind"). In short, even granting plaintiff's filings the greatest possible solicitude, plaintiff's allegations do not state a plausible claim against Dr. Gray.

I also find that leave to file additional amended pleadings would be futile: "[a]lthough pro se plaintiffs are generally given leave to amend a deficient complaint, a district court may deny leave to amend when amendment would be futile because the problem with the claim is substantive and better pleading will not cure it." *Washington v. Westchester County Dep't of Corr.*, 2014 U.S. Dist. LEXIS 58015 at *25 (S.D.N.Y. 2014) (quoting *Thomas v. Westchester Cnty.*, 2013 U.S. Dist. LEXIS 93697 at *25-*26 (S.D.N.Y. 2013)(internal quotations marks and citation omitted). Because the "defects in this claim cannot be cured with an amendment," the Court declines to grant plaintiff leave to file additional amended pleadings. *Lopez v. New York City Dep't of Corr.*, 2019 U.S. Dist. LEXIS 85326 at *8 (S.D.N.Y. 2019).

### IV. Plaintiff's Claims Against Neusantz

Because the plaintiff has failed to state a federal claim against OMH, RPC, or Dr. Gray, the only remaining causes of action are plaintiff's state law assault and/or harassment claims against Neusantz.

28 U.S.C. § 1367(c) permits a district court to decline to exercise supplemental jurisdiction over a state-law claim if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The Second Circuit has observed that, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Valencia ex rel. Franco v. Lee*, 316 F.3d 299, 305 (2d Cir. 2003). The relevant factors include judicial economy, convenience, fairness and comity. *Id*.

Here, I find that those interests are best served by declining to exercise supplemental jurisdiction over plaintiff's claims against Neusantz, and those claims are accordingly dismissed.

## CONCLUSION

For the reasons stated above, the motions to dismiss by the Office of Mental Health, Rochester Psychiatric Center, and Dr. Gale Gray (Dkt. #7, #11) are granted, and plaintiff's claims against them are dismissed in their entirety, with prejudice. Plaintiff's claims against Neusantz are likewise dismissed. Plaintiff's motions seeking miscellaneous discovery-related relief and bifurcation of his claims against Dr. Gray (Dkt. #12, #16) are denied as moot.

Plaintiff needs to understand that not every disagreement with treating physicians at the Rochester Psychiatric Center can be remedied in federal court. Federal court has limited jurisdiction and plaintiff has not suggested any valid federal claim.

Plaintiff can and should make complaints to the physicians and others charged with his care at the facility.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Decision and Order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for

the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is respectfully directed to mail a copy of this Decision and Order to the pro se plaintiff, and note service on the docket.

    IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       October 14, 2020.